Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 02 C 291 | Date | August 28, 2002 |
| Case Title | In Re: Lamar Chapman III vs Charles Schwab & Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ ☐ Ruling / ☐ Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The bankruptcy court's rulings are affirmed.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | SEP 03 2002 | date docketed |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | | docketing dpty. initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate Judge. | | date mailed notice |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document #

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

LAMAR CHAPMAN III,

    Appellant and Plaintiff

    v.

CHARLES SCHWAB & COMPANY, a Delaware Corporation; STEVEN MURPHY; and CRAIG M. LOUIE,

    Appellees and Defendants.

No. 02 C 0291

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Appellant, Lamar Chapman ("Chapman"), has appealed numerous rulings of the bankruptcy court. Chapman identifies five "issues presented for review". A review of these five issues demonstrates that Chapman is appealing the denial of his Motion for Summary Judgment as a sanction for failing to appear for his deposition and the court's award of attorney's fees as a sanction for Chapman's failure to comply with discovery.

I. Background

While in a bankruptcy proceeding, Chapman filed a seven-count adversary complaint against Defendants, alleging that Defendants violated the Uniform Commercial Code and other federal statutes in relation to funds in an Asset Management Account. On August 8, 2000, Defendants served Chapman with its Request for Admissions, First Set of Interrogatories to Plaintiff, and Request for Production of Documents.

On September 8, 2000, Chapman filed his response to Defendants' discovery requests. In

his response to the request to admit, Chapman objected to all but two of the requests to admit on grounds of lack of relevance and/or lack of standing and/or privilege. In his response to interrogatories, Chapman failed to answer several interrogatories on grounds of relevance and/or privilege. Chapman also objected to most of Defendants' document production requests on grounds of lack of relevance and/or privilege.

On September 15, 2000, Defendants filed a Motion to Compel, seeking to compel Chapman to respond to the discovery requests. Defendants also moved for costs and fees in bringing the motion to compel. On October 4, 2000, Defendants' Motion to Compel was granted in part and denied in part. The bankruptcy court entered an order overruling Chapman's objections to interrogatory numbers 2, 3, 4, 5, and 7 and ordered Chapman to answer these interrogatories by October 17, 2000. Chapman was ordered to provide Defendants with a list of documents previously submitted by Chapman and was given leave to file an Amended Response to Defendants' First Request for Production of Documents and Information no later than October 17, 2000. Defendants' application for sanctions in connection with the motion to compel was entered and continued to October 23, 2000.

On October 17, 2000, Chapman filed his Supplemental Response to Defendants' Request to Admit. Chapman repeated his previous objections to request to admit paragraphs 20-26. Notwithstanding the objections, Chapman stated that he could not admit or deny any of the paragraphs. On October 18, 2000, Chapman filed his Supplemental Response to Defendants' First set of Interrogatories. Chapman renewed his previous objections to interrogatories 2, 3, 4, 5, and 7. Notwithstanding the objections, Chapman provided what he believed were answers to the interrogatories.

At the October 23 status hearing, the bankruptcy court attempted to determine if the discovery issues had been resolved. Defendants argued that several of Chapman's supplemental responses were still insufficient, he had not provided Defendants with the list of documents as previously ordered, and he continued to refuse to answer requests to admit. In its attempt to resolve the discovery issues, the court questioned Chapman about a $40,000 check involved in the dispute. Through its questioning, the court concluded that the $40,000 had been returned because of alleged unauthorized signature. It also concluded that Chapman was not able to demonstrate that the $40,000 was Chapman's money or that the Defendants had the $40,000. The bankruptcy court found that Chapman had not properly answered the interrogatories. The court again ordered Chapman to answer the interrogatories.

As to the list of documents Chapman was previously ordered to provide Defendants, Chapman argued that he had not had time to prepare the list. Defendants refuted the argument, pointing out that since Chapman had been ordered to provide the list, Chapman had found the time to prepare and file other pleadings, including a motion for summary judgment and three additional adversary complaints. Chapman agreed to provide Defendants the list of documents the next day.

Prior to January 22, 2001, Defendants filed an Emergency Supplemental Motion to Compel Discovery, Request to Vacate January 9, 2001 Order Directing Defendants to Respond to Plaintiff's Motion for Partial Summary Judgment and Request for Sanctions ("Emergency Motion"). The motion alleged, in part, that Chapman failed to appear at his deposition in January 2001.

A hearing on Defendants' Emergency Motion was held on January 22, 2001. At the hearing, Chapman argued, in part, that the motion should be denied because discovery had closed December 29, 2000, and the notice of deposition was dated January 9, 2001; therefore, he did not

need to appear.

Defendants argued that discovery had been extended. Testimony at the hearing established a proposed order changing the end of discovery was prepared and agreed to by the parties but was not entered on the docket for some reason. The bankruptcy court recalled discussing the extension of discovery as well as the need of Chapman to be deposed at a January 9, 2001 status hearing. Defendants argued, and Chapman did not refute, that, at the January 9, 2001 status hearing, Chapman stated that he was available "all the time for his deposition". Defendants prepared the notice of deposition that same day. The parties were also in court on January 16, 2001, and Chapman did not inform Defendants or the court that he did not plan on attending the deposition.

At the January 22, 2001 status hearing, the bankruptcy court denied Chapman's Motion for Partial Summary Judgment. The court found that Chapman failed to establish a *prima facie* case because questions of fact remained as to whether certain checks involved in the suit belonged to Chapman.

As an alternative ground, the court denied Chapman's Motion for Partial Summary Judgment because of his failure to appear at his deposition. The court found that "counsel is correct when he says that you spent many months evading and avoiding complying with discovery request[s]." The court had previously made itself clear that Defendants were to depose Chapman and that the court expected Chapman to be deposed. Instead of coming to court to oppose the notice of deposition, Chapman incorrectly decided to rely on "self-help". In a written order, the court granted Defendants' Emergency Motion and barred Chapman from introducing into evidence any document not previously provided by him to Defendants. The court ordered Defendants to provide the amount of attorney's fees and costs incurred in connection with the efforts towards obtaining compliance with

4

discovery.

On February 28, 2001, a written order was entered on Defendants' Request for Sanctions. The court granted Defendants' Request for Sanctions, in part, awarding Defendants $1,699.50 pursuant to Bankruptcy Rule 7037.

II. Analysis

A. Denial of Chapman's Motion for Partial Summary Judgment

Chapman contends that the bankruptcy court erred in denying his Motion for Partial Summary Judgment ("Summary Judgment Motion"). He argues that: (1) the court should not have allowed Defendants an extension of time to take his deposition and (2) the court should not have denied his motion because of his "insufficient response to Defendants' Interrogatories".

As to Chapman's first contention, the decision to extend discovery is within the court's broad discretion. *See Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1994); *Reytblatt v. Nuclear Regulatory Comm'n*, 1991 WL 140920 (N. D. Ill. July 22, 1991). Here, the court extended discovery after finding that Chapman had resisted discovery throughout the proceedings and that he failed to appear for his deposition after the court had directed that his deposition was needed in order to proceed with Chapman's summary judgment motion. Chapman did not seek to quash the notice of deposition. Instead, he made the decision not to attend the deposition after he previously informed the court that he was available for such deposition. Based on these facts, the court did not abuse its discretion in extending discovery.

Chapman also appeals the court's denial of his Summary Judgment Motion because of his "insufficient response to Defendants' Interrogatories". First, the record on appeal demonstrates that Chapman's Summary Judgment Motion was not denied because of insufficient responses to

interrogatories. The bankruptcy court found, in part, that Chapman "failed to establish prima facie in your motion for summary judgment that those checks belong to you. At least you have failed to establish it beyond a doubt or without doubt. It is an issue of fact based on the record...." Furthermore, the bankruptcy court clearly stated that, alternatively, Chapman's Summary Judgment Motion was denied because Chapman failed to appear for his deposition. The court found that, "Your motion for summary judgment is denied on two grounds. One, for the factual reasons I just set forth. And two, for your failure to show up for a deposition...." Importantly, the denial of the Summary Judgment Motion because of Chapman's failure to appear at his deposition was an alternate ruling on the motion. As stated above, the bankruptcy court denied the motion after finding that a question of material fact existed as to whether Chapman had ownership of the checks involved in the suit. Chapman has not appealed this finding. Accordingly, assuming argumendo, that the court erred in denying the motion because of Chapman's failure to appear at his deposition, such error would be harmless. *See Christensen v. American Express Travel Related Serv. Co.*, 193 B.R. 863, 867 (N. D. Ill. March 29, 1996).

B. Award of Attorney's Fees

Chapman also appeals the award of attorney's fees.

Federal Rule of Civil Procedure 37, which is applicable here pursuant to Federal Rule of Bankruptcy Procedure 7037, allows a court to impose sanctions, including an award of attorney's fees and expenses, upon a party who fails to comply with discovery and scheduling orders. *See* Fed. R. Civ. P. 37; Fed. R. Bank. P. 7037; *In re Headline Promotions, Inc.*, 2001 WL 837911 (N.D. Ill. July 23, 2001) (*Headline*). A court's decision to grant sanctions and the choice of sanctions are within the court's broad discretion. "Under this standard of review, an appellant faces an uphill

battle in seeking to reverse an award of sanctions.... *See In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001) (internal quotations omitted).

Sanctions are proper if noncompliance is wilful, done in bad faith, or by fault of the noncomplying litigant. *See Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996) (*Melendez*). A party acts in bad faith when it knew that disclosure of materials was required by the court's orders and the party failed to disclose. *Melendez*, 79 F.3d at 670-71. A party is at fault when it should have known that disclosure was required by the court's orders and the party failed to disclose. *Melendez*, 79 F.3d at 670-71. "Fault does [not] speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct – or lack thereof – which eventually culminated in the violation." *See Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000).

Here, the bankruptcy court granted attorney's fees to Defendants after several issues of noncompliance with discovery were addressed by the court, and Chapman was ordered to comply with court orders. The court found that Chapman failed to comply with such orders. The materials provided on appeal support the imposition of sanctions. These materials include: (1) the numerous court orders and transcripts of proceedings in which the judge repeatedly tried to assist Chapman in understanding the importance of complying with discovery; (2) the court fully explained why Chapman's responses to discovery were inadequate and Chapman repeated the same incomplete answers and improper objections in subsequent discovery responses; (3) the court provided Chapman multiple opportunities to comply with discovery; and (4) the court warned Chapman that compliance with discovery was required. Based on these materials, the court's imposition of attorney's fees as a sanction for Chapman's failure to comply with discovery was not an abuse of discretion.

For the foregoing reasons, the bankruptcy court's rulings are affirmed.

Dated: August 28, 2002

JOHN W. DARRAH
United States District Judge